NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JENNIFER C. BYNUM,**

*Petitioner,*

v.

**UNITED STATES POSTAL SERVICE,**

*Respondent.*

---

2010-3055

---

Petition for review of the Merit Systems Protection Board in case no. DC0752090322-I-1.

---

Decided: June 14, 2010

---

JENNIFER C. BYNUM, of Rocky Mount, North Carolina, pro se.

ALICE L.A. COVINGTON, Appellate Counsel, Office of the General Counsel, United States Postal Service, Office of the General Counsel, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Wash-

ington, DC, and LORI DYM, Chief Counsel, Law Department, Office of Labor Law, United States Postal Service, of Washington, DC.

———————————

Before NEWMAN, LINN, and DYK, *Circuit Judges*.

PER CURIAM.

Jennifer C. Bynum ("Bynum") petitions for review of a final order of the Merit Systems Protection Board (the "MSPB" or "Board") sustaining a decision of the United States Postal Service ("Postal Service"). *See Bynum v. U.S. Postal Serv.*, 112 M.S.P.R. 403 (2009). We *affirm*.

BACKGROUND

Bynum was employed by the Postal Service as a Flat Sorting Machine Operator. On August 3, 2003, she was injured on duty. She received compensation for this injury from the Department of Labor's Office of Workers' Compensation Programs ("OWCP"). On November 7, 2008, OWCP sent the Postal Service a letter indicating that Bynum's physicians found her "condition ha[d] resolved" and she was "able to return to work with out [sic] restrictions." Resp't's App. 25. The Postal Service sent a letter to Bynum on November 21, 2008, ordering her to return to work or to present acceptable documentation to her supervisor as to why she was unable to work and the expected duration of any incapacity.

Bynum failed to return to work. Instead, she asserts she submitted medical documentation dated November 24, 2008, to the Postal Service stating that she should "[l]imit lifting to no more than *10 lbs* until Dec[.] 16, 2008." *Bynum*, 112 M.S.P.R. at 412. The Postal Service

sent Bynum another letter on December 11, 2008, again ordering her to return to work and perform her duties on December 12, 2008, or to return to work with medical documentation. Bynum did not report to work on December 12th or supply further medical documentation.

The Postal Service sent Bynum a third letter on December 20, 2008, ordering her to report to work on December 23, 2008, for a pre-disciplinary interview regarding her attendance situation and to bring any available documentation to support her continued absence. The letter warned Bynum that failure to report would result in appropriate disciplinary action, such as removal. Again Bynum failed to report to work and did not supply further medical documentation at that time. On December 31, 2008, Bynum submitted documentation dated December 29, 2008, to the Postal Service, indicating she should "not lift anything over 20 lbs . . . indefinitely." *Id.* at 413.

On January 7, 2009, the Postal Service issued a notice of removal to Bynum for failing to be regular in attendance, failing to follow instructions, and absence without leave. Bynum responded on January 16, 2009, by sending a letter to her supervisor stating that the Postal Service was required to give her a written, limited duty job offer within her restrictions. The Postal Service did not meet Bynum's request, and Bynum's removal became effective on February 6, 2009.

Bynum appealed to the MSPB, asserting that she should not have been removed and that the MSPB should have restored her to duty. Thereafter, she also alleged disability discrimination and retaliation. On February 18, 2009, an MSPB Administrative Judge ("AJ") issued a show cause order, directing Bynum to submit evidence

and argument to establish that the Board had jurisdiction over her removal and restoration claims. Jurisdiction over removal claims filed by Postal Service employees is limited to preference-eligible veterans, managers, supervisors, or employees who engage in personnel work in other than a purely non-confidential clerical capacity. 5 U.S.C. § 7511(a)(1)(B)(ii), (b)(8); 39 U.S.C. § 1005(a)(4)(A). After Bynum and the Postal Service submitted evidence responding to the order, the AJ concluded in an initial decision dated April 24, 2009, that Bynum had not established jurisdiction over either her removal or restoration claims. The AJ further found that, absent an appealable matter, there was no jurisdictional basis upon which to address Bynum's allegations of disability discrimination and retaliation. The AJ noted that the appeal was based on the written record because Bynum had not requested a hearing.

On review, the full Board affirmed the AJ's determination that the Board did not have jurisdiction over her removal claim, finding that the record reflected that Bynum did not fall into any of the employee categories as to which jurisdiction existed. Moreover, the Board noted that Bynum had not, on review, challenged the dismissal of her removal claim. However, the Board disagreed with the initial decision as to the restoration appeal. The Board determined that Bynum had in fact established jurisdiction over the restoration appeal because she made nonfrivolous allegations that (1) her absence was due to a compensable injury; (2) she recovered sufficiently to return to duty in a less demanding position; (3) she requested restoration but restoration had been denied; and (4) the agency had acted arbitrarily and capriciously. *See Chen v. U.S. Postal Serv.*, 97 M.S.P.R. 527, 533 (2004).

On the merits of Bynum's restoration appeal, the Board concluded that Bynum had failed to show that the Postal Service's denial of Bynum's request for restoration was arbitrary or capricious. The Board explained that Bynum had "presented no evidence to show that she complied with the agency's repeated instructions to report to the work site with clear documentation of her medical restrictions." *Bynum*, 112 M.S.P.R. at 413.

Bynum timely appealed to this court, and we have jurisdiction over Bynum's appeal pursuant to 28 U.S.C. § 1295(a)(9).

### DISCUSSION

We must sustain a decision of the Board unless it is "found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; [or] (3) unsupported by substantial evidence." *Jacobs v. Dep't of Justice*, 35 F.3d 1543, 1545 (Fed. Cir. 1994) (citing 5 U.S.C. § 7703(c)).

Bynum contends that the agency's action violated her rights under the Rehabilitation Act. *See* 29 U.S.C. § 794. In order to prevail on her restoration claim, Bynum must establish (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required; (3) the Postal Service denied her request for restoration; and (4) the denial was arbitrary and capricious. *See Chen*, 97 M.S.P.R. at 533. Removing an employee solely because she insists on compliance with the Rehabilitation Act is a violation of the statute. *See Walley v. Dep't of Veterans Affairs*, 279

F.3d 1010, 1016-18 (Fed. Cir. 2002); *see also New v. Dep't of Veterans Affairs*, 142 F.3d 1259, 1264-65 (Fed. Cir. 1998).

Bynum's primary contention is that the Board erred in failing to find that the Postal Service acted arbitrarily and capriciously in denying her request for restoration because the agency was obligated "to accommodate [her] physical limitations or make every effort to restore [her] to a position within [her] medical restrictions or within [her] local commuting area." Pet'r's Br. Attach. at 1. More specifically, she complains that she was required to report for work in the absence of an OWCP suitability determination and asserts that she "did not return to full duty because [she] was afraid [her] health was endangered due to [her] medical restrictions." *Id.* She contends that, pursuant to *New*, an employee may decline to follow agency instructions that would put the employee in a clearly dangerous position.

We agree with the Board that the agency's decision to remove Bynum was not arbitrary or capricious. While it is true that the OWCP did not make a suitability determination with respect to Bynum, we held in *Walley* that "the absence of an OWCP suitability determination is not a necessary predicate to the employee's obligation to return to work." 279 F.3d at 1021. Rather, "an employee [must] return to work if the accommodations offered by the agency correspond to the recommendations of the attending physician." *Id.* Although the OWCP regulations considered in the *Walley* decision have since been revised, these principles were re-codified in the revised agency regulations. For example, 20 C.F.R. § 10.515(b) states:

> If an employee cannot return to the job held at the time of injury due to partial disability from the effects of the work-related injury, but has recovered enough to perform some time of work, he or she must seek work.  In the alternative, the employee *must accept suitable work* offered to him or her.

(Emphasis added).  In accordance with the agency's current regulations and consistent with our earlier holdings in *New* and *Walley*, we hold that Bynum was obligated to accept work from the Postal Service that complied with her physician's instructions.

Here the only restriction imposed on Bynum by the November 24, 2008, medical documentation that Bynum submitted to the Postal Service was that she "[l]imit lifting to no more than *10 lbs* until Dec[.] 16, 2008." *Bynum*, 112 M.S.P.R. at 412.  While the Postal Service erred in ordering Bynum to report for work on December 12, 2008, without recognizing that restriction, that restriction had expired by December 23, 2008, when Bynum was again ordered to report for work.  Hence, the Postal Service's order to report to work on December 23, 2008, was not contrary to the instructions of Bynum's physician at that time.  Moreover, the order was coupled with an invitation for Bynum to "bring any documentation to substantiate [her] unscheduled absences."  Resp't's App. 29.  When Bynum failed to return to work on December 23, 2008, or to supply medical documentation supporting her need for restricted duties, the agency was entitled to discharge her.  The fact that thereafter she submitted a physician's document dated December 29, 2008, concerning restrictions on her duties is irrelevant to the question of discipline for her failure to appear on December 23, 2008.

Bynum also contests the Board's failure to grant her a hearing. It is the responsibility of a petitioner, however, to request a hearing if one is desired. *Spezzaferro v. Fed. Aviation Admin.*, 807 F.2d 169, 174 (Fed. Cir. 1986). Instead of requesting a hearing, in Bynum's appeal to the Board, she checked the box indicating "no" to the question of whether she wanted to have a hearing. Bynum was not entitled to a hearing because she did not request one.

Finally, Bynum urges that the Board erred by failing to address her claim of retaliation. The government responds that, to the extent Bynum seeks to raise a claim of retaliation, that claim is not properly before the Federal Circuit because Bynum did not adequately raise it before the full Board. We agree with the government. A party cannot raise a claim on appeal that was not properly raised before the Board. *See Sanders v. U.S. Postal Serv.*, 801 F.2d 1328, 1331-32 (Fed. Cir. 1986).

We therefore affirm the decision of the Board.

**AFFIRMED**

COSTS

No costs.