UNITED STATES OF AMERICA
 MERIT SYSTEMS PROTECTION BOARD

 PATRICIA E. HUBBARD, DOCKET NUMBER
 Appellant, AT-0353-13-7341-I-1

 v.

 UNITED STATES POSTAL SERVICE, DATE: November 25, 2014
 Agency.

 THIS ORDER IS NONPRECEDENTIAL *

 John R. Macon, Memphis, Tennessee, for the appellant.

 Lori L. Markle, Esquire, Philadelphia, Pennsylvania, for the agency.

 BEFORE

 Susan Tsui Grundmann, Chairman
 Anne M. Wagner, Vice Chairman
 Mark A. Robbins, Member

 REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which
 dismissed her restoration appeal for lack of jurisdiction. For the reasons
 discussed below, we GRANT the appellant’s petition for review and REMAND
 the appeal for further adjudication consistent with this Remand Order.

 *
 A nonprecedential order is one that the Board has determined does not add
 significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
 but such orders have no precedential value; the Board and administrative judges are not
 required to follow or distinguish them in any future decisions. In contrast, a
 precedential decision issued as an Opinion and Order has been identified by the Board
 as significantly contributing to the Board’s case law. See 5 C.F.R. § 1201.117(c).
 2

 BACKGROUND
¶2 The appellant is a Mailhandler who suffered an on-the-job injury in 2004.
 Initial Appeal File (IAF), Tab 7 at 77. As a result, she was given a limited-duty
 assignment for several years. As part of the National Reassessment Process, the
 appellant was placed off work in August 2010, and she appealed that action to the
 Board. That appeal was resolved pursuant to a settlement agreement executed in
 January 2011, under which the appellant was returned to a limited-duty
 assignment. MSPB Docket No. AT-0353-10-0995-I-1, Initial Decision (Jan. 6,
 2011). On August 9, 2013, the agency offered the appellant a set of different
 limited duties, which she refused on the basis that she believed the duties were
 outside her medical restrictions, citing a left elbow injury that was being treated
 by her physician. IAF, Tab 7 at 28-29. Based on the appellant’s refusal to accept
 its offer, the agency sent her home that day. IAF, Tab 10 at 2-4. In dismissing
 the ensuing Board appeal for lack of jurisdiction, the administrative judge found
 that the appellant failed to make a nonfrivolous allegation that she was absent
 from her position due to a compensable injury, finding that the appellant’s
 approved injuries were for her neck, back, and shoulders, and that she was not
 approved for workers’ compensation due to an on-the-job elbow injury. IAF,
 Tab 12, Initial Decision at 5.
¶3 The appellant filed a timely petition for review, contending that the
 administrative judge’s findings were in error, and included a determination made
 by the Office of Workers’ Compensation Programs (OWCP) after the issuance of
 the initial decision. Petition for Review (PFR) File, Tab 1. The agency did not
 respond to the petition for review.

 ANALYSIS
 The administrative judge erred in finding that the appellant’s left elbow injury
 was not approved for compensation by OWCP.
¶4 As the appellant asserts in her petition for review, PFR File, Tab 1 at 2, 4-6,
 she presented evidence below that OWCP had approved for compensation an
 3

 injury to her left elbow. In claim number 062282620, OWCP initially denied the
 appellant’s claim of injury to her left arm, elbow, and fingers incurred as a result
 of repairing damaged letters and flats at work. IAF, Tab 10, Exhibit (Ex.) 1 (fax
 page 19). In a reconsideration decision issued on June 1, 2012, however, OWCP
 vacated its earlier determination and approved the appellant’s claim for left
 lateral epicondylitis. Id. at Ex. 2 (fax page 20). Epicondylitis is a “painful and
 sometimes disabling inflammation of the muscle and surrounding tissues of the
 elbow caused by repeated stress and strain on the forearm near the lateral
 epicondyle of the humerus (arm bone).” Mosby’s Medical Dictionary (8th ed.
 2009). We thus find that the administrative judge erred in finding that the
 appellant’s left elbow injury was not approved for compensation by OWCP.
¶5 Even if OWCP had not determined that the appellant had sustained a
 work-related injury to her left elbow, however, the agency was not free to ignore
 that condition when reassigning her from one set of limited duties to another.
 The agency’s Employee and Labor Relations Manual (ELM) recognizes that an
 individual who is referred for reassignment or reemployment consideration by
 OWCP may have some degree of concurrent disability that is not caused by or
 related to the original job injury or disability; the ELM also states that the agency
 physician or occupational health nurse should carefully evaluate all concurrent
 disabilities and include their potential impact in their recommendation for
 reassignment or reemployment to the appointing official. ELM § 546.622.
 Accordingly, the agency was obligated to consider the appellant’s left elbow
 condition in any limited-duty assignments it offered the appellant. See Latham v.
 U.S. Postal Service, 117 M.S.P.R. 400, ¶¶ 12-13, 30-34 (2012) (an agency must
 comply with its own rules, including ELM provisions, when they provide
 additional benefits or protections to a partially-recovered individual).
 4

 The appellant has made a nonfrivolous allegation that the agency arbitrarily and
 capriciously denied her restoration to employment.
¶6 To establish jurisdiction over an appeal under 5 C.F.R. § 353.304(c), an
 appellant must prove by preponderant evidence that: (1) she was absent from her
 position due to a compensable injury; (2) she recovered sufficiently to return to
 duty on a part-time basis or to return to work in a position with less demanding
 physical requirements than those previously required of her; (3) the agency
 denied her request for restoration; and (4) the denial was arbitrary and capricious
 because of the agency’s failure to perform its obligations under 5 C.F.R.
 § 353.301(d). Latham, 117 M.S.P.R. 400, ¶ 10. An appellant who makes
 nonfrivolous allegations of jurisdiction concerning all four prongs of the
 jurisdictional standard is entitled to a jurisdictional hearing. Paszko v. U.S.
 Postal Service, 119 M.S.P.R. 207, ¶ 8 (2013).
¶7 It is undisputed that the appellant established the first two of these
 elements. Regarding the third jurisdictional element, the Board has stated that
 there is nothing to prevent an agency from assigning a partially-recovered
 employee from one set of modified duties to another. Id., ¶ 10 n.4. A challenge
 to such an action would ordinarily not concern a denial of restoration; it would
 pertain merely to the “details and circumstances” of the restoration, which are not
 appealable. See id. A job offer that is outside an employee’s medical
 restrictions, however, does constitute a denial of restoration. Id., ¶ 9.
¶8 With her petition for review, the appellant has included a December 11,
 2013 determination by OWCP that the agency’s August 9, 2013 offer of a
 limited-duty assignment was unsuitable because the physical requirements in the
 job offer exceeded those listed in the medical report and duty status provided by
 the treating physician on October 29, 2013, as well as his correspondence dated
 August 14, 2013. PFR File, Tab 1 at 46. Determinations of the suitability of an
 offered position are within the exclusive domain of OWCP, and it is that agency,
 not the employing agency and not the Board, which possesses the requisite
 5

 expertise to evaluate whether a position is suitable in light of the employee’s
 particular medical condition. Bynum v. U.S. Postal Service, 112 M.S.P.R. 403,
 ¶ 23 (2009), aff’d, 382 F. App’x 934 (Fed. Cir. 2010). Accordingly, we find that
 the appellant has established that she was denied restoration.
¶9 As to the fourth element, the appellant alleged that the tasks entailed in the
 limited-duty assignment she had been performing until that day continue to be
 performed by other employees and that these duties did not need to be transferred
 to other employees in order to provide them with sufficient work. See IAF,
 Tab 10 at 9. Even though the agency does not appear to have contested those
 allegations, that does not necessarily establish that the agency acted arbitrarily
 and capriciously when it sent the appellant home on August 9, 2013, in that the
 agency may have believed in good faith that it expected a favorable suitability
 ruling from OWCP. See Paszko, 119 M.S.P.R. 207, ¶ 8. Nevertheless, we
 conclude that the appellant has made a nonfrivolous allegation that the agency
 acted arbitrarily and capriciously in denying her restoration, which entitles her to
 a jurisdictional hearing. See id.

 ORDER
¶10 We REMAND this appeal to the regional office for further adjudication
 consistent with the above analysis, including a hearing on the issue of
 jurisdiction. In addition, should the administrative judge find jurisdiction over
 6

the appeal, he shall adjudicate the appellant’s claim of disability discrimination.
See IAF, Tab 1 at 2; PFR File, Tab 1 at 15.

FOR THE BOARD: ______________________________
 William D. Spencer
 Clerk of the Board
Washington, D.C.