**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CLIFFORD SINGLETON,<br> Appellant,<br><br> v.<br><br> UNITED STATES POSTAL SERVICE,<br> Agency. | DOCKET NUMBERS<br>SF-0752-13-0343-I-2<br>SF-0752-13-0399-I-2<br><br><br>DATE: December 5, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Guillermo Mojarro, Upland, California, for the appellant.

Natalie A. Bonanno, San Diego, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeals of an alleged constructive suspension and an allegedly involuntary retirement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we JOIN the appeals for adjudication under 5 C.F.R. § 1201.36, DENY the petition for review and AFFIRM the initial decision AS MODIFIED by this Final Order, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). The Final Order modifies the initial decision's analysis of the constructive suspension issue to the extent it applies obsolete precedent and by substituting our own analysis using the current jurisdictional standard.

¶2    The appellant was formerly a city carrier who suffered a compensable injury to his right shoulder in 2009. MSPB Docket No. SF-0752-13-0343-I-1, Initial Appeal File (IAF), Tab 6 at 65. His physician submitted monthly "Industrial Injury Status Reports" placing him off work from May 28, 2010, through September 30, 2010. *Id.* at 50-52, 55. On September 8, 2010, the appellant completed an Application for Immediate Retirement with an effective date of November 30, 2010. *Id.* at 39-43.

¶3    The appellant thereafter filed an appeal in which he alleged that his retirement was involuntary because it was based on misinformation about his annuity provided by the agency's Human Resources Shared Service Center (HRSSC). IAF, Tab 1. When the appellant also raised a claim that he was constructively suspended when he was not permitted to return to work on June 28,

2010, after a lengthy period of leave, the administrative judge docketed that claim as a separate appeal. *See* MSPB Docket No. SF-0752-13-0399-I-1, Initial Appeal File, Tab 1. Although the administrative judge did not formally join the appeals, we do so here under 5 C.F.R. § 1201.36.

¶4 After a hearing, the administrative judge dismissed the appeals for lack of jurisdiction. As to the constructive suspension claim, the administrative judge found that the appellant, not the agency, initiated his absence and the appellant did not request to return to work at any point in 2010, and therefore did not show that he was suspended. Initial Decision (ID) at 7-12. The administrative judge also found that the appellant failed to show that his retirement was involuntary because he failed to produce any credible evidence to establish that the agency provided him with incorrect or misleading information about his annuity and that his actions were otherwise consistent with those of someone who wanted to retire. ID at 12-19. In light of her disposition of the appeal, the administrative judge did not address the apparent untimeliness of the appeal. ID at 2 n.1.

Constructive Suspension

¶5 In analyzing the appellant's constructive suspension claim, the administrative judge applied a jurisdictional standard that the Board has recently clarified. In order to establish the Board's jurisdiction over his appeal, the administrative judge required the appellant to prove that he was absent from work for medical reasons but was able to work within certain medical restrictions and requested to return to work and the agency was bound by policy, regulation, or contractual provision to offer him available work but failed to do so. *See, e.g.*, *Tardio v. Department of Justice*, 112 M.S.P.R. 371, ¶ 24 (2009).[2] Applying this analysis, the administrative judge found that the appellant initiated his absence and did not show that he suffered a constructive suspension because he did not

---

[2] *Tardio* has been superseded by *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397 (2013), discussed *infra*.

show that he requested to return to work or otherwise informed the agency that he was willing to return to work. ID at 7-12. Although the administrative judge did not apply the correct legal standard in this case, we find that this error does not affect the outcome of this case or require a remand. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). The administrative judge held a hearing during which she took evidence concerning all of the events, conversations, and documents that relate to the appellant's absence from work after June 28, 2010, so the record is fully developed on these matters. After reviewing the record and for the reasons discussed below, we find that the appellant has not established jurisdiction under the applicable legal standard and his constructive suspension must still be dismissed for lack of jurisdiction.

¶6    To establish jurisdiction over a constructive adverse action, including a constructive suspension[3] such as is alleged here, the appellant must show that: (1) he lacked a meaningful choice in his facially voluntary decision; and (2) this was because of the agency's improper actions. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 11. A decision based on misinformation may satisfy this standard. *See Covington v. Department of Health & Human Services*, 750 F.2d 937, 943 (Fed. Cir. 1984).

¶7     Here, the appellant has not shown that he lacked a meaningful choice. Instead of remaining in a leave status indefinitely, he could have exercised his restoration rights if he were able to return to work with restrictions, or he could

---

[3] Although the appellant in this case, and others in earlier Board decisions, have treated the terms "enforced leave" and "constructive suspension" as if they were synonymous, they actually are not. In *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶¶ 8-9 (2014), the Board clarified the difference between enforced leave, which is an action that is involuntary on its face and is appealable under chapter 75 as a suspension if it lasts for longer than 14 days, and a constructive suspension, which often appears to be a voluntary action but actually is not.

have returned to full duty if he were able to obtain a medical clearance from the agency's medical unit. He could have requested reasonable accommodation. He could have bid for a job with less strenuous duties. Rather than exercising any of these options, the appellant submitted cursory medical documentation on a monthly basis stating that he was unable to work, *see* IAF, Tab 6 at 50-52, 55, as well as (as relevant here) additional documentation, dated May 28, 2010, stating that he was able to work with restrictions, that was in direct conflict with other documentation from the same doctor dated the same day indicating he was unable to work at all, *compare* IAF, Tab 6 at 57-58, *with* IAF, Tab 6 at 55. This conflicting medical documentation created an ambiguity in his medical status that he failed to clarify, and he never requested to return to work,[4] submitting instead a retirement application in September 2010.

¶8 Second, the appellant has not shown that his continued absence from work was caused by the agency's bad actions. As noted above, the appellant created an ambiguous situation. The agency could not simply return him to work because he never requested to return to work, the vast majority of his medical documentation indicated that he was unable to work, and he indicated that he did not want to return to work when he filed his retirement application in September 2010. Therefore, even under the new jurisdictional standard set forth in *Bean*, the appellant has not shown that the Board has jurisdiction over his constructive suspension claim.

¶9 In his petition for review, the appellant asserts that the agency does not dispute that it placed him on enforced leave in June 2010. Petition for Review

---

[4] The administrative judge correctly found that the appellant's submissions of medical documentation finding him unable to work were not requests to return to work because they did not inform the agency that he was able to work and they did not inform the agency that he wished to return to work. ID at 8-11; *cf. Bynum v. U.S. Postal Service*, 112 M.S.P.R. 403, ¶ 14 (2009) (submission of medical restrictions did not constitute requests for restoration because they did not indicate a desire to return to duty), *aff'd*, 382 F. App'x 934 (Fed. Cir. 2010).

(PFR) File, Tab 3 at 9.  Because the question of jurisdiction is a legal conclusion to which the parties cannot stipulate, a statement of the agency's general position on the matter, without any facts on which a finding of jurisdiction could be based, is not relevant.  *See, e.g.*, *McCarty v. Environmental Protection Agency*, 108 M.S.P.R. 45, ¶ 10 (2008).

Involuntary Retirement

¶10      An employee-initiated action, such as a retirement, is presumed to be voluntary unless the appellant presents sufficient evidence to establish that the action was obtained through duress or coercion or shows that a reasonable person would have been misled by the agency.  *Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 8 (2009), *aff'd*, 361 F. App'x 134 (Fed. Cir. 2010). A retirement is involuntary if an agency made misleading statements upon which the appellant reasonably relied to his detriment.  *Petric v. Office of Personnel Management*, 108 M.S.P.R. 342, ¶ 9 (2008).  Moreover, an agency is required to provide information that is not only correct in nature, but adequate in scope to allow an employee to make an informed decision.  *Miller*, 111 M.S.P.R. 325, ¶ 8.

¶11      The crux of the appellant's involuntary retirement claim is that an unnamed person or persons at HRSSC told him during various conversations on unidentified dates in the June through September 2010 time period that he would receive an annuity supplement when he retired and that he retired based on his expectation that he would receive the annuity supplement.  IAF, Tab 18, Tab 19 at 5.  As the administrative judge correctly found, the agency's records of telephone calls between the appellant and HRSSC do not support his assertion. ID at 14-17; IAF, Tab 20 at 8-10, Tab 27 at 7.  The appellant claims that the records exist but that the agency is improperly withholding them.  PFR File, Tab 3 at 1.  The appellant has proffered no factual basis to substantiate his assertion that the agency has concealed evidence, and the administrative judge

was quite thorough in making sure that the agency properly searched, authenticated, and produced its records.  IAF, Tab 18 at 2, Tab 26, Tab 31.

¶12    Finally, the appellant on review reiterates his argument below that his retirement was involuntary because the postmaster told him in July 2009, that he could not return to work if he could not perform his duties.  PFR File, Tab 3 at 5. He alleges that this statement shows that the agency had already decided not to return him to work as early as July 2009.  *Id.*  On the contrary, if the statement shows anything, it shows that whether the appellant returned to work was entirely dependent on his ability to work, a statement that is neither false, misleading, nor coercive.  In any event, the administrative judge correctly found that a single ambiguous statement made over a year before the appellant decided to retire by a postmaster who was no longer working at the appellant's duty station at the time of the appellant's retirement does not render the appellant's retirement involuntary.  ID at 8 n.6, 17-18.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                          William D. Spencer
                          Clerk of the Board

Washington, D.C.