**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ERIC L. ZICKEFOOSE, | DOCKET NUMBER |
| Appellant, | PH-3443-13-4329-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: January 9, 2015 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eric L. Zickefoose, Pittsburgh, Pennsylvania, pro se.

Robert L. Sawicki, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant is a mail handler. Initial Appeal File (IAF), Tab 1 at 1, Tab 6 at 28. In 2004, the Office of Workers' Compensation Programs (OWCP) approved the appellant's workers' compensation claim for plantar fasciitis, and he was given a limited-duty assignment within his medical restrictions. IAF, Tab 6 at 6, 66. In September 2009, the agency moved the appellant from his limited-duty assignment to a light duty assignment, which entailed a change to his work schedule to 3:00 p.m. to 11:30 p.m. *Id.* at 41. In 2010, OWCP approved a claim for tarsal tunnel syndrome, noting that it should have been accepted in 2008. *Id.* at 37. On November 3, 2011, the agency offered, and the appellant accepted under protest, a limited-duty assignment which involved the same 3:00 p.m. to 11:30 p.m. schedule as he had under the light duty assignment. *Id.* at 25-26. On January 9, 2012, OWCP ruled that this limited-duty assignment was appropriate, and the appellant has remained in that assignment to the present time. *Id.* at 22, 8.

¶3  In the instant appeal filed in August 2013, the appellant objected to his change of work schedule in 2009 and sought restoration of the daytime shift (6:00 a.m. to 2:30 p.m.) he had enjoyed from 2004 to 2009. *See* IAF, Tab 1 at 3. He also challenged an arbitration decision that found the limited-duty assignment to be proper. IAF, Tab 5 at 5. The administrative judge found that the appellant failed to make a nonfrivolous allegation that he had been denied restoration. She found that he was simply disagreeing with the details of his return to the workplace, which is not appealable to the Board. Initial Decision (ID) at 5-7. The administrative judge found that the Board was without jurisdiction to review the correctness of the arbitration decision. ID at 7-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4  A claim for restoration to duty under 5 C.F.R. § 353.304(c) as an employee who has partially recovered from a compensable injury requires, among other things, that the agency have *denied* the employee's request for restoration. *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012). A partially recovered employee has no right to appeal the details or circumstances of a restoration. *E.g.*, *Hogarty v. U.S. Postal Service*, 101 M.S.P.R. 376, ¶ 7 (2006); *Miller v. U.S. Postal Service*, 82 M.S.P.R. 170, ¶ 5 (1999).

¶5  In his petition for review, the appellant reiterates his argument that he is entitled to restoration of the limited-duty assignment he was given in 2004, including the work hours associated with that assignment, i.e., 6:00 a.m. to 2:30 p.m. Petition for Review (PFR) File, Tab 1 at 3. That assertion is incorrect; an agency may assign a partially-recovered employee from one set of modified duties to another. *Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 10 n. 4 (2013). A challenge to such an action does not ordinarily concern a denial of restoration; it pertains merely to the "details and circumstances" of the restoration, which are not appealable. *See id.*

¶6    Determinations of the suitability of an offered position are within the exclusive domain of OWCP, and suitability determinations by OWCP are binding on the Board. *Bynum v. U.S. Postal Service*, 112 M.S.P.R. 403, ¶ 23 (2009), *aff'd*, 382 F. App'x 934 (Fed. Cir. 2010). Because the appropriateness of the agency's November 3, 2011 limited-duty assignment has been conclusively established by OWCP, the administrative judge correctly found that the appellant did not establish that he was denied restoration but was merely challenging the circumstances or details of that restoration.[2]

¶7    The appellant also contests the administrative judge's finding that the Board lacks jurisdiction to review the June 2013 arbitration decision. PFR File, Tab 1 at 7-8. Generally, the Board has jurisdiction under 5 U.S.C. § 7121(d) over a request for review of an arbitration decision when: (1) the subject matter is one over which the Board has jurisdiction; (2) the appellant either (i) raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action, or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued. 5 U.S.C. § 7121(d); 5 C.F.R. § 1201.155; *see Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd*, Nos. 2014-3072 & 2014-3081, 2014 WL 5002185 (Fed. Cir. Oct. 8, 2014). Postal employees are excluded from the coverage of section 7121(d), however. *Milligan v. U.S. Postal Service*, 106 M.S.P.R. 414, ¶ 7 (2007); *Waters v. U.S. Postal Service*, 36 M.S.P.R. 683, 684 (1988); 5 C.F.R. § 1201.155(a)(2).

---

[2] The appellant reiterates arguments he made below that an agency employee provided false information to OWCP and that the agency wrongly claimed that his original OWCP had been closed. PFR File, Tab 1 at 3-7. These arguments are irrelevant to the correct disposition of this case, as OWCP has determined that the limited duties of the position to which the appellant is assigned are suitable.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.