# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LANCE MCDERMOTT,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-0353-21-0159-I-1 |
| 　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DATE: April 17, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lance McDermott, Seattle, Washington, pro se.

Steven Bruce Schwartzman, Esquire, Seattle, Washington, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed this restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant failed to establish jurisdiction over a second restoration claim, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

In September 2020, the appellant filed an appeal, which the administrative judge construed as a claim that his December 2019 disability retirement was involuntary. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-20-0705-I-1, Initial Appeal File (0705 IAF), Tabs 1-2. The administrative judge would ultimately dismiss that appeal for lack of jurisdiction. 0705 IAF, Tab 32, Initial Decision (0705 ID). However, while adjudicating the involuntary disability retirement appeal, the administrative judge recognized that the appellant also presented allegations of a denied request for restoration. 0705 IAF, Tab 17 at 3. Therefore, she informed him that he could file a separate restoration appeal if he wished. *Id.*

In January 2021, the appellant filed the instant restoration appeal. *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0353-21-0159-I-1, Initial Appeal File (0159 IAF), Tab 1. The following facts, as further detailed throughout the records in the appellant's involuntary disability retirement appeal and this restoration appeal, appear to be undisputed.

The appellant was previously employed as a Maintenance Technician, but he had a history of injuries that interfered with his work. *E.g.,* 0705 IAF, Tab 9

at 46-47; 0159 IAF, Tab 6 at 33. This included an April 2019 rotator cuff tear and an older back injury. 0705 IAF, Tab 5 at 130, Tab 9 at 27; 0159 IAF, Tab 6 at 33.

In May 2019, the appellant applied for disability retirement. 0705 IAF, Tab 8 at 9-12, Tab 9 at 49. In October 2019, the Office of Personnel Management (OPM) notified the appellant and the agency that the disability retirement application had been approved. 0705 IAF, Tab 8 at 13-15. Among other things, this approval letter indicated that the agency should separate the appellant from service to facilitate the start of interim retirement payments. *Id.*

Despite OPM's instruction, the agency did not immediately separate the appellant. Instead, in the earliest days of December 2019, the agency searched, without success, for limited duty work suitable for his restrictions. 0705 IAF, Tab 12 at 38; 0159 IAF, Tab 6 at 47. Just days later, the appellant obtained updated medical restrictions, 0705 IAF, Tab 5 at 122; 0159 IAF, Tab 11 at 28, which led to the agency reversing course and offering him a limited-duty position, 0705 IAF, Tab 9 at 36; 0159 IAF, Tab 9 at 9. Evidence submitted with the instant appeal indicates that the position involved helping customers with his left hand only; it did not require that the appellant do any pushing, pulling, reaching, or lifting with his injured right arm. 0159 IAF, Tab 11 at 41.

The appellant rejected the agency's limited-duty position on or around December 10, 2019, claiming it was "demeaning work" involving "heavy packages." 0705 IAF, Tab 9 at 36; 0159 IAF, Tab 9 at 9. The appellant also indicated that he was rejecting the position because it was not his "regular job position." 0159 IAF, Tab 11 at 41. In a subsequent Office of Workers' Compensation Programs (OWCP) decision, the Department of Labor denied the appellant's request for compensation for the period that followed the December 10, 2019 limited-duty offer. 0159 IAF, Tab 7 at 32-33, Tab 10 at 18-19. OWCP determined that the offered position would have appropriately accommodated his limitation. 0159 IAF, Tab 7 at 32-33, Tab 10 at 18-19.

On December 18, 2019, the agency processed the appellant's separation by disability retirement, identifying December 10, 2019, as his last day in pay status. 0705 IAF, Tab 8 at 17.  As mentioned above, the appellant filed an appeal that was construed as an involuntary disability retirement appeal and adjudicated accordingly.  His denied restoration allegations were separately docketed as the instant restoration appeal.

After developing the record, the administrative judge dismissed this restoration appeal for lack of jurisdiction.  0159 IAF, Tab 23, Initial Decision (0159 ID) at 1.  The appellant has filed a petition for review.  *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0353-21-0159-I-1, Petition for Review (0159 PFR) File, Tab 1.

<u>The appellant failed to establish jurisdiction over his claim that the agency improperly denied him restoration as a partially recovered individual in December 2019.</u>

The Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious.  *Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 5 (2016), *aff'd per curiam,* 679 F. App'x 1006 (Fed. Cir. 2017), *and overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20 n.11; 5 C.F.R. § 353.304(c).  To establish jurisdiction and obtain a hearing on the merits, an appellant is required to make nonfrivolous allegations that: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the agency's denial was arbitrary and capricious.  *Clark*, 123 M.S.P.R. 466, ¶ 5.

The administrative judge applied this standard and found that the appellant failed to present nonfrivolous allegations pertaining to the third element—that the agency denied his request for restoration.  0159 ID at 9-11.  Among other things,

she explained that the agency offered him a limited-duty position at the time, and OWCP deemed the offer suitable, notwithstanding the appellant's decision to reject the offer. *Id.*; *see Bynum v. U.S. Postal Service*, 112 M.S.P.R. 403, ¶ 23 (2009) (recognizing that decisions on the suitability of an offered position are within the exclusive domain of OWCP, and it is that agency, not the employing agency and not the Board, which possesses the requisite expertise to evaluate whether a position is suitable in light of that employee's particular medical condition), *aff'd*, 382 F. App'x 934 (Fed. Cir. 2010).

On review, the appellant seems to argue that, although the agency did offer him this limited-duty position in December 2019, the offer was improper because it was not related to his past position and it was a meaningless "make work" position. 0159 PFR File, Tab 1 at 8-9, 21, 30. However, unlike a fully recovered employee, a partially recovered employee has no right to be restored to his former position or an equivalent one. *Hall v. Department of the Navy*, 94 M.S.P.R. 262, ¶ 21 (2003). Plus, the appellant's assertion that the limited-duty position was a "make work" job is both conclusory and of no apparent relevance to his jurisdictional burden. *See generally Chen v. U.S. Postal Service*, 114 M.S.P.R. 292, ¶ 10 (2010) (stating that "it is axiomatic that an agency must determine what work is necessary and available to accomplish its mission").

The appellant also seems to assert that the administrative judge should have applied the standards for a fully recovered individual to this claim, rather than the standards for a partially recovered individual. 0159 PFR File, Tab 1 at 7. Yet we found no substantive allegation that the appellant fully recovered from his compensable injuries by the time of the agency's December 2019 limited duty offer. *See* 5 C.F.R. § 353.102 (providing that "[*f*]*ully recovered* means compensation payments have been terminated on the basis that the employee is able to perform all the duties of the position he or she left or an equivalent one"). To the contrary, throughout the remainder of his petition, the appellant repeatedly

describes himself as having "permanent" restrictions. *E.g.*, 0159 PFR File, Tab 1 at 8, 11, 20.

To the extent that any of the other arguments in the appellant's petition for review implicate this restoration claim, they are similarly unavailing. The appellant failed to present the requisite nonfrivolous allegations regarding at least one element of his jurisdictional burden concerning the events of December 2019 —that the agency denied his request for restoration. Instead, the record unambiguously shows that the agency offered the appellant a limited-duty position in December 2019, 0159 IAF, Tab 9 at 9, Tab 11 at 41, which the OWCP found suitable, 0159 IAF, Tab 7 at 32, but the appellant rejected the offer for reasons that included his own determination that the work was "demeaning," 0159 IAF, Tab 9 at 9, Tab 11 at 41. Therefore, the administrative judge properly dismissed this restoration claim for lack of jurisdiction. *See Ballesteros v. U.S. Postal Service*, 88 M.S.P.R. 428, ¶¶ 7-12 (2001) (finding that the agency did not deny the appellant restoration when it made a valid restoration job offer and the appellant rejected it).

The appellant failed to establish jurisdiction over his claim that the agency improperly denied him restoration as a fully recovered individual in July 2020.

Like his petition for review, the appellant's initial pleadings contained extensive allegations, many of which pertain to other appeals or irrelevant matters. 0159 IAF, Tabs 1, 6-7, 10-11. During a prehearing conference, the administrative judge attempted to clarify the limited issues to be addressed in this appeal. In her prehearing conference summary, she first recognized the December 2019 restoration claim discussed above. 0159 IAF, Tab 12 at 1. Next, the administrative judge indicated that the appellant was also alleging that the agency improperly denied him restoration as a fully recovered individual in July 2020. However, the initial decision contains no mention of this latter claim. 0159 ID. To the extent that the appellant did intend to pursue this second

restoration claim—that the agency improperly denied him restoration as a fully recovered individual in July 2020—we modify the initial decision as follows.

Specific to his July 2020 restoration claim, the prehearing conference summary noted that the appellant had referred to evidence that was not in the record. 0159 IAF, Tab 12 at 1. Therefore, the administrative judge ordered the appellant to submit that evidence—a "July 2020 OWCP letter" and "any response from the agency to the purported July 2020 request for restoration." *Id.* at 2-3. More broadly, she instructed the appellant to meet his jurisdictional burden. *Id.* Among other things, the administrative judge explained that his jurisdictional burden for this claim included nonfrivolous allegations that the appellant had fully recovered, had requested to return to work, and the agency had failed to meet its obligations regarding the same. 0159 IAF, Tab 3 at 3-4; *see Young v. U.S. Postal Service*, 115 M.S.P.R. 424, ¶ 12 (2010) (describing these as among the jurisdictional requirements for this type of restoration claim). The administrative judge separately ordered the appellant to present arguments and evidence regarding the timeliness of his appeal. 0159 IAF, Tab 13.

Although the appellant submitted responses, his arguments stray from the limited issues of this restoration appeal extensively, and they are difficult to understand. 0159 IAF, Tabs 14-15. In addition, the only evidence he submitted is dated between November 2008 and February 2020. 0159 IAF, Tab 14 at 27-50. None is the evidence specifically requested by the administrative judge, regarding his alleged recovery or denied restoration in July 2020. For that reason, the agency argued that the administrative judge should dismiss the July 2020 claim. 0159 IAF, Tab 16 at 6-7.

The appellant then submitted additional pleadings with additional evidence. 0159 IAF, Tabs 17-18. But these additional pleadings were untimely. *Compare* 0159 IAF, Tab 12 at 3 (setting a deadline of February 22, 2021, for the appellant to submit his response regarding jurisdiction), Tab 13 at 4 (setting a deadline of February 26, 2021, for the appellant to submit his response regarding the

timeliness of his appeal), *with* 0159 IAF, Tabs 17-18 (appellant's supplemental responses regarding jurisdiction and timeliness, dated March 1 and March 7, 2021). Therefore, they need not be considered. *See* 5 C.F.R. § 1201.43(c) (providing that an administrative judge may refuse to consider any motion or other pleading that is not filed in a timely fashion).

Even if we were to consider the appellant's belated filings, we would not find that the appellant presented the requisite nonfrivolous allegations that the agency improperly denied him restoration as a fully recovered individual in or around July 2020. Among other things, the appellant failed to present any nonfrivolous allegation that he was "fully recovered" at that time, as the term is defined for purposes of restoration. 5 C.F.R. § 353.102. To the contrary, his belated evidence included updated medical documentation from July 2020, indicating that he has permanent restrictions from his right arm injury, along with an OWCP document from December 2020, acknowledging a separate compensable back impairment. 0159 IAF, Tab 17 at 16, Tab 18 at 62, 65, 84-86. Without further explanation, the degree to which these ongoing impairments and limitations might impact the appellant's ability to work his Maintenance Technician position or any other is not apparent.

Additionally, it is not apparent that the appellant requested, and the agency denied, any request for restoration during this period. Evidence the appellant submitted does include April, May, and June 2020 letters addressed to various offices within the Postal Service, OPM, and OWCP. 0159 IAF, Tab 18 at 66-77. But those letters generally seem to assert past improprieties among all parties involved—the Postal Service, OPM, and OWCP. *Id.* We recognize that these lengthy and convoluted letters do include statements that he wanted the agency to "return [him] to work after recovery from on-the-job-injury with full back pay from the unwarranted personnel action – disability retirement," and he "elect[s] to stay on OWCP and limited duty that the agency offered [him] December 9, 2019." *Id.* at 67, 71. However, when viewed in their entirety, the letters appear to be

arguments about the propriety of his separation in December 2019, not an unambiguous new request for restoration. Plus, none is dated July 2020, when the appellant has alleged that he was denied restoration.

In sum, to the extent that the appellant intended to pursue his claim that the agency improperly denied him restoration as a fully recovered individual in or around July 2020, we modify the initial decision to find that he failed to meet his jurisdictional burden of presenting nonfrivolous allegations of the same. The appellant's petition for review contains no substantive argument or evidence that would support a different conclusion—none pertaining to his recovery status at that time, and none pertaining to him submitting a request to the agency at that time, asking for restoration. 0159 PFR File, Tab 1. We recall that the appellant's jurisdictional burden was to simply present nonfrivolous allegations. However, the appellant's pleadings are filled with cursory, convoluted, and contradictory claims that do not satisfy that standard.

The appellant's remaining arguments on review are unavailing.

We note that the appellant is pro se. For that reason, we have construed his pleadings liberally. *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 7 (2010). However, as alluded to above, many of the appellant's arguments do not pertain to the relevant issues at hand.

To illustrate with an example, the appellant's petition contains arguments about "nexus, charges, and penalties." 0159 PFR File, Tab 1 at 7. But those are issues relevant to an adverse action appeal, not this restoration appeal. *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 18 (2013). The appellant also presents arguments or assertions about issues from his prior appeals, which are not before us at this time. *E.g.*, 0159 PFR File, Tab 1 at 17 (referencing *McDermott v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0633-I-1). In another example, the appellant repeatedly argues that certain officials within the agency or OWCP have violated criminal laws by providing false statements in connection with his OWCP claims and retirement. *E.g.*, *id.* at 10-13. However,

the Board does not have jurisdiction over all matters regarding a Federal employee that are allegedly unfair or incorrect; rather, the Board's jurisdiction is limited to matters over which it has been given jurisdiction by statute or regulation. *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995).

We next note that the appellant presents general assertions that the administrative judge was biased. 0159 PFR File, Tab 1 at 21, 23, 30. He does not, however, present a substantive and persuasive explanation of the same. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (recognizing that a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators in making a claim of bias or prejudice against an administrative judge).

For all these reasons, the appellant has failed to establish jurisdiction over his restoration appeal.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:       _____
                     Gina K. Grippando
                     Clerk of the Board
Washington, D.C.