## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROSEMARIE SANTANA,
                 Appellant,

          v.

UNITED STATES POSTAL SERVICE,
                 Agency.

DOCKET NUMBER
NY-0752-15-0194-I-1

DATE: September 30, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Rosemarie Santana, Hampton, Virginia, pro se.

Kathleen M. Ryder, New York, New York, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). To establish Board jurisdiction, as the administrative judge correctly noted, a Postal Service employee must show that she has completed 1 year of current continuous service in the same or similar positions and that she is a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity. 5 U.S.C. § 7511(a)(1)(B)(ii); 39 U.S.C. § 1005(a)(4)(A)(ii); *Bolton v. Merit Systems Protection Board*, 154 F.3d 1313, 1316 & n.2 (Fed. Cir. 1998); *Bynum v. U.S. Postal Service*, 112 M.S.P.R. 403, ¶ 5 (2009), *aff'd*, 382 F. App'x 934 (Fed. Cir. 2010). The appellant bears the burden of proving by a preponderance of the evidence that the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶3      In this case, there is nothing in the record indicating that the appellant was either preference eligible, a supervisor or a manager, or engaged in personnel work. The administrative judge issued an order affording the appellant the opportunity to submit evidence and argument showing that she had the right to

appeal her removal to the Board, *see* Initial Appeal File, Tab 3, but the appellant did not respond to his order. In her petition for review, the appellant asserts that her removal was improper because it was related to an on-the-job injury, *see* Petition for Review File, Tab 1, but she has not submitted any evidence showing that she was preference eligible, a supervisor or manager, or performed personnel work. Therefore, we find that the appellant failed to make a nonfrivolous allegation of jurisdiction and the administrative judge correctly dismissed this appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website,

www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.