**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SHARON C. SWAPSY,<br>　　　　　　Appellant, | DOCKET NUMBER<br>CH-0353-13-0311-I-2 |
| 　　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　　Agency. | DATE: September 13, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Donna L. Drake, Markham, Illinois, for the appellant.

Deborah W. Carlson and Rebecca Heeter, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of the agency's denying her request for restoration. For the reasons set forth below, we DENY the petition for review and AFFIRM the initial decision, MODIFYING the administrative judge's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

analysis of the dispositive jurisdictional issue in this case and VACATING her findings regarding the appellant's allegations of discrimination.

## BACKGROUND

¶2      After the appellant suffered a work-related injury to her knee, the agency placed her in a limited-duty assignment. *Swapsy v. U.S. Postal Service*, MSPB Docket No. CH-0353-13-0311-I-1, Initial Appeal File (IAF), Tab 10 at 7, ¶¶ 3c-3d, 3f-3h, 3j.  Shortly thereafter, however, the appellant submitted revised medical restrictions that limited her to no more than 500 feet of walking per day; no running, squatting, kneeling, or crawling; no ladders or stairs; and no lifting, carrying, pushing, or pulling more than 10 pounds. *Id.*, ¶ 3j.  Because the requirements of the appellant's limited-duty assignment exceeded her revised medical restrictions, the agency withdrew the offer on October 4, 2011, and sent her home. *Id.*

¶3      After a second-opinion medical evaluation revised the appellant's medical restrictions, the agency on April 13, 2012, offered the appellant a new modified job that provided for no lifting or carrying more than 20 pounds, sitting for more than 4 hours, and standing for more than 4 hours. *Id.*, ¶¶ 3*l*-3n.  The appellant rejected the offer. *Id.*, ¶ 3o.  However, the Office of Workers' Compensation Programs (OWCP) determined that the job offer was suitable. *Id.*, ¶ 3p.

¶4      The appellant filed a Board appeal of the agency's alleged denials of restoration, which the administrative judge dismissed without prejudice at the appellant's request.  IAF, Tabs 1, 8.  Upon refiling, and after holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to show by preponderant evidence that the agency's denying her request for restoration on October 4, 2011, was arbitrary and capricious and that the appellant failed to show that the agency denied her request for restoration on April 13, 2012. *Swapsy v. U.S. Postal Service*, MSPB Docket No. CH-0353-13-0311-I-2, Appeal File (I-2 AF), Tab 45

Initial Decision (ID) at 10-22. The administrative judge also found in the alternative that the refiled appeal was untimely filed without a showing of good cause. ID at 22-26.

## ANALYSIS

¶5      Agencies are required to make every effort to restore in the local commuting area an individual who has partially recovered from a compensable injury and who is able to return to limited duty. 5 C.F.R. § 353.301(d). Partially recovered employees may appeal to the Board for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration. 5 C.F.R. § 353.304(c). To establish jurisdiction over a restoration appeal as a partially recovered individual, the appellant must prove the following by preponderant evidence[2]: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious. *Bledsoe v. Merit Systems Protection Board,* 659 F.3d 1097, 1104 (Fed. Cir. 2011), *modified in part by regulation as stated in Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 10 (2016); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012), *overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶¶ 20-21; 5 C.F.R. § 353.304(c).

---

[2] Because the appellant filed her Board appeal prior to March 30, 2015, we apply the "preponderant evidence" standard rather than the current "nonfrivolous allegation" standard. *See Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 5 n.2 (2016) (explaining that the Board adopted a nonfrivolous allegation standard for restoration appeals by regulation effective March 20, 2015), *aff'd*, 679 F. App'x 1006 (Fed. Cir. 2017). Preponderant evidence is the degree of evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

<u>The appellant failed to establish Board jurisdiction over the agency's October 4, 2011 denial of her request for restoration.</u>

¶6       Regarding the appellant's claim that the agency denied her request for restoration when it withdrew her limited-duty assignment on October 4, 2011, the administrative judge found, and it is not disputed, that the appellant satisfied the first three jurisdictional elements.  ID at 10; *see Scott v. U.S. Postal Service*, 118 M.S.P.R. 375, ¶ 9 (2012) (stating that an agency's rescinding a previous restoration or discontinuing a limited-duty assignment may constitute an appealable denial of restoration).  In considering the fourth element, whether the agency's denial of restoration was arbitrary and capricious, the administrative judge first found that the agency proffered documentary evidence showing that it searched for vacancies within the local commuting area as required by 5 C.F.R. § 353.301(d), and that therefore its search was geographically adequate, noting that the appellant did not challenge that evidence.  ID at 10-11; I-2 AF, Tab 32 at 73-89.  The administrative judge correctly found that the appellant failed to show that the agency's denial was due to a failure to perform its obligations under 5 C.F.R. § 353.301(d), ID at 10-11, and thus, the appropriateness of the agency's search is not a basis for finding that the agency's actions in this case were arbitrary and capricious.

¶7       The administrative judge went on to consider whether the agency's failure to adhere to its own internal restoration obligations, as set forth in its Employee and Labor Relations Manual (ELM) § 546 and EL-505, chapters 7 and 11,[3] rendered the denial per se arbitrary and capricious, concluding that it did not.  ID at 11-16.  In this analysis, the administrative judge relied upon the Board's decision in *Latham*, wherein, in deference to the Office of Personnel Management's interpretation of 5 C.F.R. § 353.301(d), a majority of the Board

---

[3]  These provisions require the agency to offer modified assignments to partially recovered individuals whenever work is available and within their medical restrictions, regardless of whether the tasks comprise the essential functions of an established position.  *Latham*, 117 M.S.P.R. 400, ¶¶ 3, 26.

found that it has jurisdiction over appeals concerning the denial of restoration to partially recovered individuals when the denial results from the agency's violating its own internal rules. *Latham*, [117 M.S.P.R. 400](#), ¶ 13.

¶8        However, in *Cronin*, [2022 MSPB 13](#), ¶ 20, the Board overruled *Latham* and its progeny, concluding that, to establish jurisdiction under [5 C.F.R. § 353.304](#)(c), an appellant must, inter alia, make a nonfrivolous allegation that the agency failed to comply with the minimum requirement of [5 C.F.R. § 353.301](#)(d), i.e., to search within the local commuting area for vacant positions to which it can restore a partially recovered employee and to consider her for such vacancies, but that an agency's failure to comply with self-imposed obligations to undertake further restoration efforts, including those set forth in the agency's ELM, cannot constitute a violation of [5 C.F.R. § 353.301](#)(d) such that a resulting denial of restoration would be rendered "arbitrary and capricious" for purposes of establishing Board jurisdiction under [5 C.F.R. 353.304](#)(c). *Id.* Therefore, the administrative judge's analysis of whether the agency's failure to comply with its ELM provisions regarding the restoration rights of partially recovered employees was "arbitrary and capricious" for purposes of establishing Board jurisdiction was improper under *Cronin*, and we therefore vacate that part of her analysis.

¶9        The appellant asserts that the October 4, 2011 restoration denial was arbitrary and capricious because the agency could have accommodated her medical restrictions in a way that would have allowed her to continue working in the limited-duty assignment that it discontinued. Petition for Review (PFR) File, Tab 3 at 18-19. Again citing *Latham*, the administrative judge addressed but rejected this claim, as well as the appellant's claim that the agency acted arbitrarily and capriciously by discriminating against her based on race, sex, age, and prior equal employment opportunity activity. ID at 12-19. However, in *Cronin*, the Board further found that claims of prohibited discrimination or reprisal for protected activity also do not serve as independent means of showing that a denial of restoration was arbitrary and capricious for purposes of

section 353.304(c), *Cronin*, 2022 MSPB 13, ¶ 21, and we therefore vacate that portion of the administrative judge's analysis as well.

The appellant failed to establish Board jurisdiction over the agency's April 12, 2012 alleged denial of her request for restoration.

¶10  The appellant also alleged that the agency denied her request for restoration when it offered her a limited-duty assignment on April 12, 2012.  Partially recovered employees may not appeal an improper restoration to the Board; they may only appeal to the Board to determine whether the agency's actions were arbitrary and capricious.  *Trembly v. U.S. Postal Service*, 85 M.S.P.R. 297, ¶ 3 (2000).  The Board lacks jurisdiction to review the particulars of the restoration. *Foley v. U.S. Postal Service*, 90 M.S.P.R. 206, ¶ 6 (2001).  Nevertheless, when the agency has made a job offer to the appellant, the Board might, in appropriate circumstances, deem a restoration so unreasonable as to amount to a denial of restoration within the Board's jurisdiction.  *Ballesteros v. U.S. Postal Service*, 88 M.S.P.R. 428, ¶ 8 (2001).

¶11  The administrative judge correctly found that the appellant did not prove that the agency denied her request for restoration.  ID at 21-22.  The agency offered the appellant a limited-duty assignment that OWCP determined was suitable.  IAF, Tab 5 at 129-31.  The appellant alleges that OWCP later reversed its finding, but she submitted no evidence to substantiate her assertion.  In a May 20, 2013 letter, OWCP informed the appellant that "[her] case continues to be open for medical and . . . clarification regarding [her] current work-related restrictions."  I-2 AF, Tab 32 at 29.  The appellant contended to OWCP that her medical restrictions were not "finalized," and it appears that OWCP decided not to terminate her compensation payments until the conflicts about her medical restrictions were resolved, not because it reversed its suitability analysis.

¶12  An employee who rejects a suitable offer of restoration cannot show that the agency's offer was so unreasonable as to amount to an appealable denial of restoration because OWCP, by finding the offer suitable, necessarily determined

that it was reasonable. *Trembly*, [85 M.S.P.R. 297](), ¶ 6 (finding that, when OWCP found the agency's restoration offer suitable, the Board was precluded from finding that the offer was so unreasonable that it amounted to a denial of restoration). Decisions on an offered position's suitability are within the exclusive domain of OWCP and it is OWCP, not the employing agency and not the Board, which possesses the requisite expertise to evaluate whether a position is suitable in light of that employee's particular medical condition. *New v. Department of Veterans Affairs*, [142 F.3d 1259](), 1264 (Fed. Cir. 1998); *Bynum v. U.S. Postal Service*, [112 M.S.P.R. 403](), ¶ 23 (2009), *aff'd*, 382 F. App'x 934 (Fed. Cir. 2010). Because the appellant rejected a suitable offer of employment, she has not shown by preponderant evidence that the agency denied a request for restoration. Therefore, we find that the administrative judge correctly found that the appellant did not establish jurisdiction over the April 13, 2012 alleged denial of restoration.

The appellant's remaining arguments on review do not warrant granting her petition for review.

¶13     As is usual, the administrative judge conducted a prehearing conference in which she, inter alia, defined the issues for adjudication and ruled on witness requests. In her prehearing conference memorandum, the administrative judge identified the October 4, 2011 withdrawal of the limited-duty assignment and the April 13, 2012 limited-duty offer as the only two alleged requests for restoration at issue in this appeal. I-2 AF, Tab 34 at 2. The administrative judge afforded the appellant the opportunity to object to her identification of the issues, but the appellant did not preserve an objection for review. *Id.* at 2, 6; Hearing Transcript (HT) at 5 (statement of the administrative judge). To the extent the appellant discusses other alleged denials of restoration in her petition for review, those claims are not within the purview of this appeal.

¶14     The appellant contends for the first time on review that the agency failed to conduct a proper search, and she correctly points out that many of the agency's

search documents are dated 2013 or later and do not show that the agency conducted a proper search in late 2011. PFR File, Tab 3 at 18-19; I-2 AF, Tab 32 at 73-89. The agency supported its documentary evidence with hearing testimony that it conducted a search for available work in October 2011 before sending the appellant home. HT at 172-73 (testimony of the Health and Resources Manager). The agency further provided evidence that, during the relevant time frame, it used an electronic system known as Web ESP to conduct searches for work. HT at 32-33, 173. However, Web ESP was discontinued in 2014 after a data breach and its files are no longer recoverable. HT at 33, 184. The only available Web ESP records are the ones for which someone happened to create a paper copy before the system was discontinued. The appellant did not conduct any cross examination at the hearing concerning the search when she had the opportunity to do so. The Board need not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Even if the Board were to consider this argument, we would find that the agency has provided a reasonable explanation for the lack of paper documentation of its search, and we agree with the administrative judge that the appellant failed to prove that the search was improper. ID at 11.

¶15     The appellant repeats on review her allegation below that OWCP reversed itself and determined that the April 13, 2012 offer was not suitable. The administrative judge found that the appellant introduced no evidence to substantiate her assertion. On review, the appellant identified her Exhibit T as proof that OWCP reversed its decision. PFR File, Tab 3 at 20. The administrative judge rejected a late-filed set of exhibits, including Exhibit T. We find that the appellant has not shown that the administrative judge abused her discretion by rejecting the appellant's late-filed exhibits. If there is a document finding the position not suitable, it would have been sent to the appellant in the

normal course of business and she already should have possessed a copy. Even if she kept incomplete records at home and had to request documents from OWCP, her appeal had been pending since February 23, 2013, by the time she finally submitted her exhibits on January 16, 2016. She did not state when she requested the documents; she merely made a bare allegation that she had just received them. Because she did not submit the rejected exhibits until after the deadline passed and only a few days before the hearing, and because she did not show why she could not have submitted them on time despite her diligence, we find that the administrative judge was within her discretion to reject the exhibits.

¶16    Even if the administrative judge abused her discretion, Exhibit T does not warrant reversal of the initial decision. The exhibit is a series of OWCP records of telephone contact. I-2 AF, Tab 35 at 49-66. One document is a statement that an employee informed the appellant that OWCP found some unidentified position not suitable. *Id.* at 64. Thus, it would have been hearsay evidence that OWCP found unsuitable a job offer that may or may not have been the offer at issue in this appeal. We do not know the job title of the person who took the appellant's telephone call, so we do not know if she was the Claims Examiner handling the appellant's case or a customer service representative working a phone bank and reading information from a computer screen. The Board has found that a document missing indicia of reliability to a similar degree as the record of telephone contact in this appeal constituted at best a mere scintilla of evidence and did not rise to the level of even substantial evidence. *Adamsen v. Department of Agriculture*, 116 M.S.P.R. 331, ¶¶ 13-18 (2011). Substantial evidence is a lesser standard of proof than preponderant evidence. *Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 6 (2013). Because we have found that evidence of this quality is insufficient to meet the substantial evidence standard, we find that the appellant's evidence here does not rise to the level of preponderant evidence. Thus, even if the Board were to consider the appellant's rejected Exhibit T, it is insufficient to establish Board jurisdiction.

¶17    Finally, in light of our dismissal of this appeal for lack of jurisdiction, we need not address the administrative judge's alternative finding that the appeal was untimely refiled.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days**

after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised

claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                    /s/ for
                                          Jennifer Everling
                                          Acting Clerk of the Board
Washington, D.C.